**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CV04-0739 PCT-DGC |
| Plaintiff, | |
| v. | **ORDER** |
| Donald R. Richardson, Gerald Richardson, | |
| Defendants. | |

Plaintiff has filed a motion to enforce settlement and an amended motion for entry of default judgment. Dkt. #96. The Court has reviewed the memoranda submitted by the parties. Dkt. ##96, 97, 99. For the reasons set forth below, the Court will grant in part Plaintiff's motion.

**I.    Background.**

At the Final Pretrial Conference on February 14, 2007, the parties reached a settlement. Dkt. #86. Counsel for Plaintiff stated the material terms of the settlement on the record. *Id.* Defendant Donald Richardson (hereinafter "Defendant") and his counsel confirmed on the record that the terms had been stated accurately. *Id.* One of the terms was that Defendant would agree to market and attempt to sell his house at 3623 Vega Lane, Lake Havasu City, Arizona, within 180 days of the Final Pretrial Conference. Dkt. #93 at 6. If Defendant did not sell the house within 180 days to a buyer and at a price agreed to by Plaintiff, Plaintiff would be able to sell the property at auction. *Id.* The parties agreed that after deducting real estate taxes and costs of sale, Plaintiff would receive 80% of the sale

proceeds and Defendant would receive 20%. *Id.* at 7. The parties stated that they had discussed, but did not want to state on the record, a reasonable sale price for the house. *Id.* at 7-8.

Counsel for both parties and Defendant agreed that the settlement as stated on the record was binding and that the Court would have authority to enforce the settlement if it could not be reduced to writing. Dkt. #86 at 1. The parties further agreed that in enforcing the settlement the Court would have the authority to resolve disagreements between the parties by determining reasonable details for the settlement. *Id.*

On March 9, 2007, Plaintiff sent to Defendant's counsel an Acknowledgment Letter that contained the Government's understanding of the settlement. Dkt. #96-7. The letter contained the following term (hereinafter referred to as "Term 3"):

> 3. The sale proceeds, after reasonable costs of sale, would be distributed as follows: 80% to the United States and 20% to Richardson. If the sale proceeds are less than $400,000, the United States would receive all the proceeds after the reasonable costs of sale.

Dkt. #96-7 at 1. The letter directed Defendant's counsel to sign the letter "[i]f the foregoing enumerated points comport with your understanding of the offer you have submitted." *Id.* at 2. Defendant's counsel signed the letter, but the parties did not file the required settlement documentation with the Court because of a dispute regarding the terms of the agreement. Dkt. #96 at 1. Pursuant to an order the Court entered on April 12, 2007 (Dkt. #95), the parties have filed memoranda setting forth their views of the settlement terms to be enforced by the Court. The only disagreement voiced by the parties involves Term 3 of Plaintiff's Acknowledgment Letter.

**II.    Discussion.**

Plaintiff asks the Court to approve the terms of the settlement as stated in the Acknowledgment Letter. Dkt. #96. Defendant argues that it was agreed upon at the February 14, 2007 hearing that there would be no minimum or maximum sale price of the house, and that Term 3 violates the parties' agreement. Dkt. #97 at 1. Plaintiff counters that

- 2 -

1   the terms of the Acknowledgment Letter do not establish a minimum price requirement, but
2   nonetheless asks the Court to accept Term 3, which establishes a minimum price necessary
3   for Defendant to receive 20% of the proceeds from the sale. Dkt. #99.

4         The Court has reviewed the transcript of the February 14, 2007 hearing and concludes
5   that Term 3 of the Acknowledgment Letter fundamentally differs from the terms agreed upon
6   by the parties. At the hearing, Plaintiff's counsel stated that "[t]he net equity from the sale
7   of the house, which would be after payment of real property taxes and costs of sale, would
8   be split between Mr. Richardson and the United States; 80 percent to the United States, and
9   20 percent to Mr. Richardson." Dkt. #93 at 7. The parties further stated that they would
10  agree to a reasonable price, and that Plaintiff "could not reject out of hand a reasonable
11  offer[.]" *Id.* Nothing in the transcript indicates that Plaintiff would receive 100% of the sale
12  proceeds if the property was sold for less than a certain sum. Rather, the transcript states that
13  Plaintiff's recourse upon receipt of a less-than-reasonable offer was to block the sale, and if
14  Defendant was unable to sell the house after 180 days, Plaintiff could put the house up for
15  auction. Under this agreement, both parties have an incentive to sell the house for the highest
16  price possible.

17        Contrary to Plaintiff's assertion in its reply, Term 3 eliminates Plaintiff's incentive
18  to seek the highest price for the property. For example, if the property sold for $400,000,
19  Plaintiff would receive $320,000 and Defendant would receive $80,000. If the property sold
20  for $390,000, Plaintiff would receive the entire amount. Plaintiff would have an incentive
21  to pursue a sale price between $320,000 and $400,000, rather than wide range of sale prices
22  over $400,000. This result is unreasonable and contrary to the terms of the agreement
23  entered into at the hearing.

24        The Court notes that Defendant's counsel, who is now arguing that Term 3 should not
25  apply, signed the Acknowledgment Letter indicating that the terms comported with his
26  understanding of the agreement. Dkt. #96-7 at 3. While ordinarily such a signature might
27  bind Defendant, the Court will decline to enforce the Acknowledgment Letter because it
28

- 3 -

1 clearly contradicts the material terms of the agreement reached at the February 14, 2007 2 hearing. Defendant does not object to any other terms in the Acknowledgment Letter, so the 3 Court will recognize the remaining terms as part of the agreement. For purposes of resolving 4 the dispute over Term 3, the Court will leave the first sentence of Term 3 intact and strike 5 the second sentence. Term 3 should now read: "The sale proceeds, after reasonable costs of 6 sale, will be distributed as follows: 80% to the United States and 20% to Richardson."

7 The parties must still agree on a reasonable price for the sale of the house. The Court 8 will grant Plaintiff's request to have the property listed by a licensed real estate agent of 9 Plaintiff's choosing until such time as Defendant's 180 day sale period ends and Plaintiff 10 decides to auction the house. *See* Dkt. #96 at 2. Defendant does not oppose this request. 11 The Court acknowledges that the settlement stated on the record provided that "the taxpayer 12 would agree to market and sell [the house] for the best reasonable price within [180] days" 13 of February 14, 2007. Dkt. #93 at 6. The Court finds, however, that allowing Plaintiff to 14 employ the real estate agent would not alter the material terms of the agreement, would aid 15 the parties in obtaining a reasonable sale price for the house, and would "reduce the chance 16 that [Defendant] engages directly in transactions with a buyer that would be outside the terms 17 of the settlement." Dkt. #96 at 2.

18 Finally, Plaintiff requests that the Court enter default judgment against Defendant 19 Gerald Richardson. The Court previously denied the same motion on the grounds that the 20 "entry of default judgment against Gerald could produce inconsistent judgments if Donald 21 can prove at trial that Gerald is not his nominee." Dkt. #62 at 12. In agreeing to the sale of 22 the property held in Gerald's name at 3623 Vega Lane, and delivery of a majority of the 23 proceeds to Plaintiff, Defendant Donald Richardson necessarily agreed that Gerald was his 24 nominee. The Court will therefore grant Default Judgment against Gerald Richardson.

25 **IT IS ORDERED:**

26 1. Plaintiff's motion to enforce settlement and amended motion for entry of
27 default judgment (Dkt. #96) is **granted in part** and **denied in part** as set forth

- 4 -

above.

2. The Clerk shall enter Default Judgment against Defendant Gerald Richardson.

3. Plaintiff and Defendant are bound by the terms set forth in the acknowledgment letter, with the exception of Term 3, which the Court has modified as set forth above.

4. Plaintiff shall retain a licensed real estate agent to list for sale the property at 3623 Vega Lane. After the 180 day sale period, which began on February 14, 2007, Plaintiff shall have the option to sell the property with a licensed real estate agent or to auction the property.

5. Pursuant to the terms of the Acknowledgment Letter, Defendant shall sign a stipulation for entry of judgment in favor of Plaintiff and the Collateral Agreement prepared by Plaintiff. These documents shall be submitted to the Court no later than **July 14, 2007**. Upon receipt of these documents, the Court will enter judgment against Defendant.

DATED this 18th day of June, 2007.

_David G. Campbell_
David G. Campbell
United States District Judge